UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:** **(In Chambers)** PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS (Dkt. No. 20, filed April 27, 2015)

## I. INTRODUCTION

Plaintiff Chris Langer filed this lawsuit on December 2, 2014, against defendants 1600 E Downtown Property, LLC; American Celebrations, Inc; and Does 1 through 10. Plaintiff, a paraplegic who uses a wheelchair for mobility, visited a Los Angeles store leased and operated by defendants and encountered a lack of compliant handicapped-accessible parking spaces. Plaintiff alleged claims for (1) violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; (2) violations of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53; (3) violations of the California Disabled Persons Act, Cal. Civ. Code §§ 54–54.8; and (4) negligence. See generally Compl.

On March 13, 2015, plaintiff filed a notice indicating that he had accepted an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Dkt. No. 17. On April 13, 2015, the Court entered judgment in favor of plaintiff on all claims. Dkt. No. 19. That judgment (1) awarded $2,001.00 in favor of plaintiff and against defendants "for any and all claims for damages that are or may be awardable and recoverable in this action," and (2) ordered that defendants "will pay reasonable attorneys' fees and costs the amount of which will be determined by noticed motion and against which defendants may contest the requested amount as being unreasonable and/or unnecessary." Id.

On April 27, 2015, plaintiff filed a motion for attorneys' fees and costs in the amount of $10,300. Dkt. No. 20. On May 11, 2015, defendants filed an opposition, arguing that plaintiff's requested amount is unreasonable. Dkt. No. 21. Plaintiff filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

reply on May 18, 2015. Dkt. No. 22. On June 1, the Court held a hearing on the matter. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

### A.   Attorneys' Fees

Both the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act provide for reasonable attorneys' fees to be awarded to a prevailing plaintiff. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Here, the agreed-to judgment orders defendants to pay attorneys' fees and costs. Thus, the only dispute presented by the instant motion is whether the fees plaintiff has requested are reasonable.

Both the California Supreme Court and the Ninth Circuit apply the "lodestar" method for calculating reasonable attorneys' fees, designed to determine the "basic fee for comparable legal services in the community." Ketchum v. Moss, 24 Cal. 4th 1122, 1132 (2001); see Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The " 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho, 523 F.3d at 978 (internal quotation marks and citation omitted).[1] The party seeking attorneys' fees must submit evidence supporting the number of hours worked, and the district court should exclude "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.' " Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Generally, compensable attorney hours include "time spent in establishing the entitlement to and amount of the fee." In re Nucorp Energy, Inc., 764 F.2d 655, 659–60 (9th Cir. 1985); accord Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982). In the context of

---

[1] Once the lodestar has been calculated, a court may "adjust [it] upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). But the lodestar "is presumptively the reasonable fee amount," and a multiplier is appropriate only in " 'rare or exceptional' cases." Id. In this case, neither party requests a multiplier, and the Court sees no reason to depart from the presumption that the lodestar fixes the appropriate fee amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

civil rights litigation, the Supreme Court has cautioned that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley, 461 U.S. at 434 (emphasis in original) (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

Three attorneys worked on plaintiff's case. Inclusive of time spent on this motion for attorneys' fees, plaintiff asserts that Mark Potter ("Potter") spent 20.3 hours working on this case, Russell Handy ("Handy") spent .7 hours, and Phyl Grace ("Grace") spent 2.1 hours. Dkt. No. 20 Ex. 2. Defendants first argue that any hours billed after defendants made a settlement offer in February are unreasonable. Defendants also object to several specific time entries billed.

   1. Hours Billed After the February 2015 Settlement Offer

Addressing defendants' first argument requires some background regarding the parties' settlement negotiations. In early January 2015, defendants offered to settle this case for $1,500. Dkt. No. 20 Ex. 3. Plaintiff's counsel countered with an offer to settle for $11,000, arguing that plaintiff was "entitled to no less than $4,000 and reimbursement of attorney fees and costs," and noting that the subject property would have to be brought in compliance before any settlement could be reached. Id. On February 2, 2015, defendants' counsel emailed plaintiff's counsel stating that the regulatory violation at issue had been cured through the installation of a van-accessible parking space completed on January 24, 2015, and attaching pictures of the new parking space as well as a Rule 68 offer of judgment in the amount of $3,500. Dkt. No. 20 Ex. 4. That offer of judgment was based on statutory damages of $2,000 and an additional $1,500 for fees and costs, which defendants argue was the "full value of the case" at that time.[2] Id. Plaintiff did not

---

[2]California law provides that "a defendant's liability for statutory damages ina construction-related accessibility claim against a place of public accommodation is reduced to a minimum of two thousand dollars ($2,000) for each offense" if the violations are corrected within thirty days of service of the complaint and the defendant is a small business. Cal. Civ. Code § 55.56(f)(2). Defendants were served on December 29, 2014; therefore, the correction on January 24, 2015 qualified defendants for reduced statutory damages. Plaintiff contends that attorneys' fees up to that point were $4,422.50, not approximately $1,500 as defendant contends. Defendants' objections to plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

accept that offer of judgment before it expired. Plaintiff's motion asserts that this was because plaintiff's counsel asked his client "to confirm that the parking was remediated to his satisfaction," which he had not done by the time the offer expired. Dkt. No. 20 at 1. The record does not reflect any counter-offers by plaintiff, or any other communications from plaintiff's counsel to defendants' counsel in the month following the February 2 offer.

On March 9, 2015, defendants' counsel made another Rule 68 offer, this time for $2,000[1]. Dkt. No. 20 Ex. 5. This offer stated that plaintiff "may pursue by appropriate motion" attorneys' fees and costs, but did not state that plaintiff was entitled to recover attorneys' fees. Id. Plaintiff's counsel responded that as written, the Rule 68 offer would not entitle plaintiff to recover attorneys' fees and costs, but that he would recommend that his client accept the offer if it were amended to include an express agreement that defendants would pay fees and costs. Dkt. No. 20 Ex. 6. Defendants' counsel agreed to add the requested language, and proffered a new Rule 68 offer of judgment. Id. This third Rule 68 offer was accepted, and became the Court's judgment. Dkt. No. 19. Between entry of judgment and the filing of the instant motion, the parties exchanged emails over the appropriate amount of attorneys' fees and costs, with plaintiff requesting $6,092.50 and offering to compromise for no less than $5,000, and defendants offering no more than $3,500. See Dkt. No. 20 Exs. 7–10.

Defendants argue that the case should have settled for $3,500 in February, and that all fees billed after February 2, 2015 are therefore "unreasonable and unnecessary." Dkt. No. 21 at 2. Defendants cite Schutza v. 2815 CDRS LLC, No. 3:14-cv-1067-CAB-NLS, 2015 U.S. Dist. LEXIS 43799 (S.D. Cal. Mar. 25, 2015). In that case, the plaintiff rejected a settlement offer that "exceeded the sum of Plaintiff's reasonable attorney's fees at the time plus the $2,000.00 minimum statutory damages to which he was entitled" then filed a motion for summary judgment seeking more, but later conceded that he was only entitled to $2,000 because of defendants' prompt remediation of the access violation. Id. at *4–6. The court rejected as unnecessary all hours billed after the settlement offer, reasoning that acceptance of that offer "would have resulted in a complete vindication of Plaintiff's rights and just compensation for Plaintiff's counsel," and that by rejecting that offer "and filing a motion for summary judgment that sought (and obtained) the exact

---

billings through February 2, 2015 are discussed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

same relief . . . Plaintiff gained nothing." Id. at *8. Here, defendants argue, plaintiff similarly rejected an offer that included the relief to which plaintiff was entitled as well as reasonable fees and costs up to the point of that offer.

Although the Court disagrees that $3,500 was a fair value for the entire case as of February 2, offers below the true value of a case are part of the negotiation process, and it appears that plaintiff's counsel unnecessarily prolonged the litigation by failing to negotiate with defendants' counsel after the first Rule 68 offer. While the Court agrees that the offer for only $1,500 in fees and costs at that point was low, and although it was proper to ensure plaintiff was satisfied with the remediation of the parking lot before accepting a settlement, there is no indication in the record that plaintiff's counsel countered with a higher number, or otherwise attempted to resolve the matter expeditiously. Indeed, there is no indication that plaintiff's counsel did anything to move the case toward settlement between February 2 and defendants' second Rule 68 offer on March 9. See Dkt. No. 20 Ex. 2 (billing records indicating one hour of attorney time spent between those dates on other issues). Because the regulatory violation was promptly fixed before the February 2 offer, both sides had a duty to resolve what at that point had become a fees dispute. If plaintiff's counsel had made efforts to arrive at a mutually acceptable level of fees before March 9, 2015, it is reasonably likely that the instant motion would not have been necessary. Accordingly, the Court will not award attorneys' fees for time billed on the attorneys' fee motion. The Court now turns to defendants' specific objections to plaintiff's other billed hours.

    2.    Specific Billing Objections

First, defendants object to Potter's billing of 0.9 hours for an initial meeting with plaintiff, in which Potter discussed plaintiff's experiences at defendants' store and "explored his contacts and standing issues." Dkt. No. 20 Ex. 2 at 2. Defendants assert that because plaintiff has filed many disability access cases, there was no need for Potter to spend much time discussing the case with him prior to beginning work on the case. Dkt. No. 21 at 4. The Court, however, agrees with plaintiff that less than an hour of pre-filing client contact is reasonable and even modest, especially because defendants often raise standing defenses in disability access cases. Dkt. No. 22 at 5.

Next, defendants object to a 2.2 hour entry for Potter "[t]ravel[ing] to and conduct[ing] a preliminary site inspection to verify the client's complaint and direct the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

investigation." Dkt. No. 20 Ex. 2 at 2. "Reasonable travel time by the attorney is compensable, at full rates, if that is the practice in the community," and "[i]n Los Angeles, the practice is to compensate at full rates for travel time." Rodriguez v. County of Los Angeles, No. 10-6342-CBM (AJWx), 2014 WL 8390755, at *10 (C.D. Cal. Dec. 29, 2014); see also Hall v. City of Fairfield, No. 2:10-cv-0508 DAD, 2014 WL 1286001, at *13 (E.D. Cal. Mar. 31, 2014) (collecting cases for the proposition that travel may be billed at normal hourly rates). Still, defendants argue that it was unreasonable for Potter to travel from San Diego to Los Angeles for that visit, as Potter's firm has attorneys in the Los Angeles area. Defendants also assert that the inspection yielded inaccurate information. Dkt. No. 21 at 4–5. Plaintiff responds that Potter did not bill for travel from San Diego; rather, he "was in Los Angeles for other reasons and conducted this (and other) site inspections that day." Dkt. No. 22 at 7. This explanation—to which defendants' counsel did not respond at oral argument—is reasonable, especially because if Potter had billed for travel time from San Diego to Los Angeles and back again, the entry would have been for much more than 2.2 hours. Accordingly, even assuming not every finding from the initial investigation was accurate, the Court rejects defendants' argument for excluding this billed time.

Defendants also assert that the billing statements include work done by attorneys that should have been done by a paralegal instead. The Ninth Circuit has held that it is "not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." Davis v. City & County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), other portions vacated as moot, 984 F.2d 345 (9th Cir. 1993). Defendants argue that Potter improperly billed 2.6 hours at his attorney rate to research public records to determine the ownership and permit history of the property at issue, and improperly billed .7 hours for the drafting of the complaint. Defendants contend that each of these tasks should have been done by a paralegal. See Robinson v. Chand, No. Civ. S-05-1080 DFL DAD, 2007 U.S. Dist. LEXIS 32347, at *4–5 (E.D. Cal. May 1, 2007) (compensating work including "researching nonlegal issues such as business ownership [and] preparing boilerplate documents" at a reduced paralegal rate instead of an attorney rate). Defendants also argue that the public records work should not have taken over two hours.

Defendants' contention that it was unreasonable for an attorney to spend less than an hour drafting and reviewing a complaint—which is subject to Rule 11 sanctions—lacks merit, even if the complaint is based on an existing template. As to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

public records work, the entry to which defendants object states: "Conducted public records research to determine the identities of the responsible parties and to determine if the permit history has triggered any Title 24 obligations under new construction or modification standards for Assessor Parcel Number 5130-004-015." Dkt. No. 20 Ex. 2 at 2. Plaintiff argues that this research required legal analysis, not just mechanical retrieval of records, because permit records (1) could have revealed that previous alterations to the property, alone or in conjunction, triggered a legal duty to improve access paths, and (2) could have suggested that the violation was knowing or intentional, which would be relevant to the amount of statutory damages. Dkt. No. 22 at 7–9. The Court finds this explanation reasonable, and rejects defendants' objection to this billed time.

Finally, defendants object to Potter and Grace both billing 0.5 hours for reviewing the February Rule 68 offer and discussing that offer with plaintiff. Dkt. No. 20 Ex. 2 at 2, 5. Defendants argue that "[a] fee paying client would not pay for such multiple billing." Dkt. No. 21 at 7. But given the short amount of time billed and the importance of settlement negotiations, the Court declines to strike any time for that basis.

3. Conclusion

Excluding time spent on the attorneys' fee motion, the Court finds that Potter reasonably worked 11.1 hours on this litigation. At the reasonable requested fee of $425 per hour, Potter's fees for this case are $4,717.50.[3] The Court also finds that Grace reasonably spent 2.1 hours on this litigation, which yields $735 at Grace's reasonable requested rate of $350 per hour. Summing these figures, the Court awards plaintiff **$5,452.50** in attorneys' fees.

---

[3]Plaintiff submits numerous cases approving similar rates for Potter and other attorneys in the community with similar experience. See, e.g., Salinas v. Rite Aid Lease Mgmt. Co., No. CV 10-7499 SVW (FMOx), 2011 WL 1107213, at *1 (C.D. Cal. Mar. 17, 2011) (approving $425 per hour rate for Potter and Handy). Defendants do not contest any of the requested hourly rates, and the Court concludes that they are reasonable. The reasonableness of Handy's rate, however, is moot, as all of the work he performed in this case appears directed at the fees motion. See Dkt. No. 20 Ex. 2 at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-09274-CAS(MRWx) | Date | June 9, 2015 |
| Title | CHRIS LANGER v. 1600 E DOWNTOWN PROPERTY, LLC, ET AL. | | |

**B. Costs**

Plaintiff requests $400 for his filing fee, $40 in service costs, and $200 in investigative costs. Dkt. No. 20 Ex. 2. Defendants objected to the investigative costs in their opposition brief, noting that plaintiff had not included any invoice supporting those costs; however, following the Court's request, plaintiff's counsel submitted a sworn declaration attaching a bill for the relevant investigation. See Dkt. No. 24. Accordingly, the Court allows plaintiff's requested $640 in costs.

**III. CONCLUSION**

In accordance with the foregoing, the Court awards plaintiff **$5,452.50** in attorneys' fees and **$640** in costs.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |